UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                               Case No. 3:20-cr-54

vs.

LUIS GARZA,                              District Judge Michael J. Newman

    Defendant.

## ORDER DENYING MOTION TO MODIFY BOND (DOC. NO. 39)

This criminal case is before the Court on Defendant Luis Garza's motion to modify bond. Doc. No. 39. Defendant, after pleading guilty, now seeks release from detention on his own recognizance with conditions that will secure his appearance at his sentencing hearing on April 12, 2022. *Id.*

On January 18, 2022, the Court held a hearing on Defendant's motion via video conference with Defendant's consent. During the hearing, AUSA Ryan Saunders represented the Government and attorney Brian Joslyn represented Defendant. Defendant was also present during the hearing, as was Pretrial Services Officer Katie Snodgrass. Defendant requested temporary release to facilitate his child's vaccination and school transfer. Doc. No. 39. The Court ordered the parties to confer to determine whether Defendant could provide the necessary authorization while remaining detained.

The Court reconvened the parties on January 27, 2022. Defense counsel explained the relevant public health authority would not permit Defendant to provide consent virtually. Defendant maintained his request for bond modification, and the Court took the matter under advisement.

Once a criminal defendant pleads guilty and is "awaiting imposition or execution of sentence," the Court must detain the defendant unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1); *see* 18 U.S.C. § 3143(a)(2). The Court may also release a defendant pending sentencing "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010); *see also United States v. Cook*, 42 F. App'x 803, 803–04 (6th Cir. 2002).

The Court has carefully considered Defendant's motion, the entire record, and counsels' arguments. Section 3143(a) mandates continuing Defendant's detention here because he has failed to provide clear and convincing evidence that he "is not likely to flee or pose a danger to any other person or the community." *United States v. Allen*, No. 1:19-cr-647, 2021 WL 4060372, at *1 (N.D. Ohio Sept. 7, 2021). Moreover, although the Court certainly understands Defendant's intention to facilitate his daughter's vaccination and school transfer before his sentencing in this matter, the Court does not find the required "exceptional circumstances" to modify his mandatory detention and release him under § 3145(c). *See United States v. Wiseman*, 461 F. Supp. 3d 740, 742 (M.D. Tenn. 2020) (collecting cases) ("[T]he question of 'exceptional circumstances' arises only after the lack of a risk of flight and dangerousness factors have been met"); *cf. United States v. Allen*, No. 1:19-cr-647, 2021 WL 4060372, at *2 (N.D. Ohio Sept. 7, 2021) (and cases cited therein).

Accordingly, Defendant's motion to modify bond is **DENIED**.

**IT IS SO ORDERED.**

Date:  February 3, 2022                                              s/Michael J. Newman
                                                                                                                    Hon. Michael J. Newman
                                                                                                                    United States District Judge